UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE COLONY INSURANCE COMPANY<br>Plaintiff | CIVIL ACTION NO. 07-5559 |
| | JUDGE |
| VERSUS | |
| WAYNE'S WORLD TUBING AND<br>CANOEING, LLC, WAYNE OTTO<br>MIZELL, CATHERINE S. MIZELL,<br>JAMES DAVIDSON AND LORI BORNE<br>Defendants | MAGISTRATE JUDGE |

**MEMORANDUM IN SUPPORT OF LORI BORNE'S
MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, come defendant, Lori Borne, who submits this Memorandum in Support of her Motion to Dismiss the Complaint for Declaratory Judgment filed by plaintiff, The Colony Insurance Company or, in the alternative, to stay the Declaratory Judgment Action pending resolution of the parallel state court lawsuit, *Lori Borne versus Wayne's World tubing and Canoeing, LLC, Wayne Otto Mizell and Catherine S. Mizell*, bearing Docket Number 96082 F, on the docket of the Twenty Second Judicial District Court, Parish of Washington.

**I. FACTUAL BACKGROUND:**

A Petition for Survival Action and Wrongful Death action was instituted in the Parish of Washington, State of Louisiana by Lori Borne. This Petition was filed on July 30, 2007. The facts of this suit are that on August 13, 2006, Blake Lassere, the natural sone of Lori Borne, rented a

-1-

vehicle tire inner tube from the defendants, Wayne's World Tubing and Canoeing, LLC and/or Wayne Otto Mizell and/or Catherine S. Mizell, for the purpose of floating down the Bogue Chitto River. Several hundred feet from the conclusion of this float trip, Blake Lassere drowned. Lori Borne believes that evidence will prove that, among other negligent and intentional acts, the defendants prohibited witnesses from rescuing her son from his death.

The Complaint for Declaratory Judgment was filed on September 12, 2007 by the Colony Insurance Company.

## II. LAW AND ARGUMENT:

In an initial answer to Colony's declaratory judgment action, Lori Borne would assert an argument for dismissal under Rule 12(b)(1). Federal jurisdiction is not able to even be invoked in this suit due to the fact that the Plaintiff and at least three (3) of the defendants are domiciled in Louisiana.[1] Therefore, no complete diversity exists under 28 USC 1332. Due to these circumstances, Colony's declaratory judgment action should be dismissed, under Rule 12(b)(1).

The Declaratory Judgment Act provides in pertinent part: "(a) In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. Section 2201 (emphasis added). A district court is not required to provide declaratory relief, and whether to

---

[1] Please see Section II through Section V, in which Colony states that "Wayne's World" is a limited liability company under the laws of the State of Louisiana as well as affirming that the "Mizells" and the original Plaintiff, Lori Borne are residents of Louisiana.

entertain a declaratory judgment action is a matter for the district court's sound discretion. *Traveler's Ins. Co. v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993).

While a federal district court does not have unfettered discretion regarding whether to hear a declaratory judgment action, in that the district court may not dismiss a declaratory judgment action "on the basis of whim or personal disinclination" and must balance various considerations before exercising its discretion to dismiss an action, a district court certainly has broad discretion regarding whether it will hear a declaratory judgment action. *Supra* In determining whether to dismiss a declaratory judgment action, the district court must address several factors, including, but not limited to:

(1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) Whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by defendant;

(3) Whether the declaratory plaintiff engaged in forum shopping in bringing the declaratory judgment action;

(4) Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) Whether the federal court is a convenient forum for the parties and witnesses; and

(6) Whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1995); *Traveler's*, 996 F.2d at 778.

These factors take into consideration the goals of the Declaratory Judgment Act, which

include affording an early adjudication of an actual controversy and avoiding a multiplicity of suits in various forums. *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989). The propriety of dismissing this action requires consideration of each of these factors.

1.   **Pending State Court Action***:*

It is undisputed that an action is pending in the Twenty Second Judicial District Court for the Parish of Washington, Louisiana, in which Colony is a defendant. This state court action is entitled *Lori Borne versus Wayne's World tubing and Canoeing, LLC, Wayne Otto Mizell and Catherine S. Mizell*, bearing Docket Number 96082 F, on the docket of the Twenty Second Judicial District Court, Parish of Washington.. The state court action was filed on July 30, 2007, almost one and one half months before Colony filed its Declaratory Judgment action. The issues presented in Colony's Complaint for Declaratory Judgment can be fully litigated in that forum. The state court can and will decide the issues which concern all of the matters raised by Colony's complaint.

2.   **Anticipatory Filing of Declaratory Judgment Action:**

Colony was sued in the State court action. Colony's Declaratory Judgment was not an anticipatory filing. This factor is not determinative.

3.   **Forum Shopping:**

Colony filed this action in Federal court when it was well aware of the pending State court lawsuit. All of the issues raised by Colony could well be decided in the underlying State court action. Accordingly, it is reasonable to assume that Colony's decision to pursue its declaratory judgment action in federal court was motivated in part by its belief that federal court would be a more favorable forum.

4.  **Inequity of precedence in time and forum:**

Allowing the declaratory judgment action to proceed would inequitably permit Colony to gain precedence in time and forum. Lori Borne is the true "plaintiff" here, and she has a right to choose the forum in which her claims will be determined. It is a widely recognized principle that "anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure [because] [i]t deprives the plaintiff of his traditional choice of forum and timing...." *State Farm Fire and Casualty Co. v. Taylor*, 118 F.R.D. 426, 430-431 (M.D.N.C. 1988)

5.  **Inconvenience of forum to parties and witnesses:**

The State court action is pending in state district court in Washington Parish, Louisiana, while the federal action is pending in federal court in New Orleans, Louisiana. Therefore, the relative convenience of the state court forum versus the federal court forum is determinative in this action.

6.  **Interest of Judicial Economy:**

A single judgment on all issues by the State court is in the interest of judicial economy. As a practical matter, a judgment by the state court would resolve the issues for all parties. Conversely, if federal district courts routinely entertained declaratory judgment actions, as in this case, the consequence would be a significant increase in dual litigation. *Employers Ins. of Wassau v. Gulf Island Marine*, 718 F.Supp 17 (E.D. La. 1989). If unchecked, such actions will eventually arise whenever there is a dispute in State court. *Id.* The obvious result is an increase in systemic court and litigation expenses. *Id.* This court should, therefore, exercise the discretion the declaratory judgment statute gives it, so as to prevent such dual proceedings. *Id.; Wilton*, 41 F.3d at 935.

Further, under the principals of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.

2d.669 (1971), Federal District Courts should refrain from enjoining pending State Court proceedings except under special circumstances. *Samuels v. Mackell*, 401 U.S. 66, 73, 91 S. Ct. 764, 768, 27 L. Ed. 2d 688 (1971) holds that the principals of *Younger* apply to declaratory judgments that would effectively enjoin State proceedings. Lastly, *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), holds that where a parallel action is pending in State Court that may effectively or more efficiently resolve the dispute between the parties, a Federal Court should dismiss the federal action.

The ensuing Declaratory Judgment action filed by Colony would effectively enjoin the State Court proceedings. Colony is attempting to circumvent the State Court proceedings by coming into Federal Court and asking the Federal Court to rule on the pending State Court case that was filed long before Colony filed this Federal Court declaratory action.

## III. CONCLUSION

Lori Borne respectfully prays that this court dismiss Colony's Declaratory Judgment Complaint with prejudice, or, in the alternative, defendant, Lori Borne, prays that the Declaratory Judgment Action be stayed pending resolution of the state court lawsuit for the above reasons, as well as any other reasons that might be presented at a hearing on this matter.

RESPECTFULLY SUBMITTED:

**GAUTHIER & AMEDEE**
**A Professional Law Corporation**
2111 South Burnside Avenue
Gonzales, Louisiana 70737
Telephone: (225) 647-1300

_____
**ANDRÉ P. GAUTHIER, BAR ROLL # 21294**
**LEE J. AMEDEE, III BAR ROLL #24278**

ATTORNEY FOR DEFENDANT, LORI BORNE

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by facsimile transmission and by placing a copy of same in the United States First-Class mail, postage prepaid and properly addressed as follows:

> George B. Hall, Jr.
> PHELPS DUNBAR, .LLP
> Canal Place
> 365 Canal Street
> Suite 2000
> New Orleans, LA 70130-6534

on 24th day of October, 2007.

_____
ANDRE' P. GAUTHIER
LEE J. AMEDEE, III