**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

COLONY INSURANCE
COMPANY

CIVIL ACTION

VERSUS

NO. 07-5559

WAYNE'S WORLD TUBING AND
CANOEING, LLC, WAYNE OTTO
MIZELL, CATHERINE S. MIZELL,
JAMES DAVIDSON, AND LORI
BORNE

SECTION:  "C" (4)

<u>**ORDER AND REASONS**</u>

Before the Court is a motion to dismiss or stay this declaratory judgment action pursuant

to Federal Rule of Civil Procedure 12(b)(1) filed by one of the declaratory defendants, Lori

Borne ("Borne") (Rec. Doc. 10). The declaratory plaintiff, Colony Insurance Company

("Colony"), opposes the motion. The motion is before the Court on the briefs, without oral

argument. Having consider the memoranda of counsel, the record and the applicable law, the

Court finds that the motion is **GRANTED**.

**I. B**ACKGROUND

In this matter, Borne filed a survival and wrongful death action in Louisiana state court

against Wayne's World Tubing and Canoeing ("Wayne's World") following the death of her son

during a "float trip" down the Bogue Chitto River. Borne's son had rented an inner tube from

Wayne's World for the float trip. The state court action was filed July 30, 2007. Colony filed the Declaratory Judgment action in federal court on September 12, 2007.

In this motion, Borne argues that the declaratory judgment action should be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Borne claims that Colony lacks a basis for diversity jurisdiction because the parties fail the complete diversity rule. Additionally, Borne avers that the Court should exercise its discretion in declaratory judgment cases to refrain from entertaining this matter. Specifically, Borne points to the fact that there are pending state court lawsuits involving the parties to support her argument that the Court should not hear this matter.

In opposition, Colony notes that there are two pending state court cases against Wayne's World, and that Colony, as Wayne's World's insurer, has agreed to represent Wayne's World's interests in both of those cases. Colony argues that there is complete diversity in the declaratory judgment action because Colony is a Virginia corporation, with its principle place of business in Virginia, and the declaratory defendants are  not citizens of Virginia. Additionally, Colony notes that there is disagreement between Colony and Wayne's World regarding the insurance policy's coverage regarding the underlying wrongful death case. Indeed, Colony asserts that it filed this declaratory judgment action to obtain a ruling regarding the extent of coverage under the insurance policies in the underlying state court cases. Colony claims that a "Water Hazard Coverage Limitation Endorsement" limits their liability to a total of $50,000 for both state cases. Finally, Colony notes that Borne and the other plaintiff[1] in the underlying state court proceedings have amended their complaints to add Colony as a defendant under Louisiana's Direct Action

---

[1] James Davidson, also a declaratory defendant in this matter.

2

Statute.

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *U.S. v. City of New Orleans*, 2003 WL 22208578 (E.D.La.2003); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir.1992). This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5 Cir.1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5 Cir.1996) (citations omitted).

Furthermore, the Declaratory Judgment Act provides in pertinent part as follows:

"In a case of actual controversy within its jurisdiction ... any court of the United States upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

28 U.S.C.A. § 2201(a) (West 2007).

Entertaining a declaratory judgment action is a matter for the district court's sound discretion. *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993). The Declaratory Judgment Act does not expand the jurisdiction of the federal court; requests for

3

declaratory judgments may be heard only in cases that otherwise are within our jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-672 (1950). Thus prior to deciding whether to exercise its discretion and allow a declaratory judgement action to be brought, the court must determine if jurisdiction and venue are proper. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). If the normal requirements of federal jurisdiction are present, the court has jurisdiction, even though it may determine that the action is not an appropriate one for declaratory judgment.

In this case, Colony must satisfy the test for invoking diversity jurisdiction to remain in federal court. Federal diversity jurisdiction is codified by 28 U.S.C. § 1332. The statute requires that the amount in controversy exceed $75,000, and that the citizenship of the adverse parties differ. Courts have long followed the "complete diversity" rule established in *Strawbridge*. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). For complete diversity, no plaintiff can share the same state citizenship as one of the defendants. *Id*. Only upon a showing of proper subject matter jurisdiction will this Court investigate whether it should entertain a declaratory judgment action under the factors outlined by the Fifth Circuit in *Trejo* and *Travelers*.[2]

As the Supreme Court held in *City of Indianapolis*:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules. It must be ascertained from

---

[2] *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774 (5th Cir. 1993); *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590-91 (5th Cir. 1994).

the principal purpose of the suit, and the primary and controlling matter in
dispute. These familiar doctrines governing the alignment of parties for purposes
of determining diversity of citizenship have consistently guided the lower federal
courts and this Court.

*City of Indianapolis v. Chase Nat. Bank of City  City of Indianapolis v. Chase Nat. Bank of City
of New York et al*, 314 U.S. 63, 69 (1941) (internal citations and quotations omitted). The Fifth

Circuit has consistently followed the Supreme Court's lead regarding "realignment" principles.

*See e.g.*, *Zurn Industries, Inc. v. Acton Construction Co.*, 847 F.2d 234 (5th Cir. 1988) (ruling

that realignment was not proper in a complex litigation case); *see also Indemnity Ins. Co. of

North America v. First National Bank at Winter Park, Florida et al*, 351 F.2d 519, (5th Cir.

1965) (holding that realignment properly resulted in the absence of federal jurisdiction). "The

generally accepted test of proper alignment is whether the parties with the same "ultimate

interests" in the outcome of the action are on the same side." 13B Wright and Miller, Federal

Practice & Procedure § 3607.

III. **ANALYSIS**

    **A. Realignment**

    In this case, both Borne and Wayne's World share a common interest in establishing that

the "Water Hazard Coverage Limitation" does not apply. Under Louisiana law, "a plaintiff suing

under the direct action statute must prove the existence of the policy and coverage under that

policy." *Chisley v. Coleman*, ---So.2d ---, 2007 WL 4246115, at *1 (La.App. 2 Cir. 2007).

Therefore, Borne, as the plaintiff in the state court wrongful death suit, steps into the shoes of

Wayne's World in trying to prove the amount of coverage. Accordingly, a "collision of interests

exists" between Colony, Borne and Wayne's World as they are aligned in this declaratory

judgment action. Stated another way, Borne and Wayne's World both have an ultimate interest

in establishing a high level of coverage; while Colony's position is that the "Water Hazard Coverage Limitation" applies to limit their liability. Typically, liability is established first, then the amount of damages is determined. Yet, the primary purpose of this declaratory judgment action is to ascertain the extent of insurance coverage. Accordingly, the Court finds that the parties in this lawsuit are properly aligned.

### B. Declaratory Judgment Discretion

"[T]he propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). Prior to the *Wilton* decision, the Fifth Circuit identified certain factors to be considered by the district court in determining how to exercise its discretion in a declaratory action. Those factors include: (1) whether there is a pending state action in which all of the matters in controversy can be fully litigated; (2) whether the plaintiff filed in anticipation of a lawsuit by the defendant; (3) whether the plaintiff engaged in forum shopping; (4) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or forum; (5) whether the federal court is a convenient forum for parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774 (5th Cir. 1993); *see also St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590-91 (5th Cir. 1994). These factors are not exhaustive, mandatory or exclusive. *Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1992), *cert. denied*, 506 U.S. 813 (1993).

None of these factors weigh in favor of retaining jurisdiction. The Court notes that there

are pending parallel state actions in which all of the matters in controversy may be litigated. All of the parties in this declaratory judgment action are also parties in the pending state court suits. Indeed, Colony originally involved itself in the state court matters because Colony and Wayne's World agreed that Colony should represent it in the pending state court matters. (Rec. Doc. 1, Complaint for Declaratory Judgment, ¶ XII). Furthermore, Colony's claim that this Court is the only forum in which it can get a single ruling as to all the parties is incorrect. The Louisiana Code of Civil Procedure provides for the filing of a Petition for Declaratory Judgment in articles 1871-1883. Therefore, Colony has ample opportunity to present any coverage defenses in a "consolidated" state court case through a state declaratory judgment action.

Additionally, this case is distinguishable from *Agora Syndicate v. Robinson Janitorial*, 149 F.3d 371 (5th Cir. 1998), in which the Fifth Circuit held that a district court abused its discretion by dismissing *sua sponte* an insurer's action seeking a declaration of non-coverage. The district judge had dismissed the federal lawsuit because there was a related action in state court. *Id.* at 373. Significantly, the insurer in *Agora* was not a party to the lawsuit in state court. This weighed heavily in the Fifth Circuit's determination that the trial court did not have discretion to dismiss the insurer's federal suit. Unlike the insurer in *Agora*, Colony is a party to both state lawsuits.

Moreover, potential inequities in allowing Colony to gain precedence in time are not immediately apparent, but the *res judicata* effect of a judgment in this Court clearly would affect the state proceedings and, potentially, disrupt settlement negotiations between the parties to that action. Thus, judicial economy would not be served by retaining jurisdiction. The state courts will address the issues of the insurance coverage because both Borne and James Davidson "must

prove the existence of the policy and coverage under that policy." *Chisley, supra*.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the motion to dismiss is **GRANTED** (Rec. Doc. 10).

New Orleans, Louisiana, this 13th day of December, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE